[Cite as *State v. Grady*, 2014-Ohio-3475.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 26979 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL K. GRADY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2460 (A) |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

CARR, Judge.

{¶1}   Appellant, Michael Grady, appeals the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}   This matter arises out of a string of break-ins that occurred during the late spring and summer of 2011.  On September 28, 2011, Grady was bound over to the Summit County Grand Jury, where he was indicted on 40 different offenses including numerous counts of breaking and entering and theft.  Grady initially pleaded not guilty to the charges at arraignment. Subsequently, Grady appeared for a change-of-plea hearing and pleaded guilty to ten counts of breaking and entering.  The remaining charges in the indictment were dismissed.  The trial court imposed a one-year prison term for each of the ten counts, and the sentences were ordered to run consecutively, for a total prison term of ten years.  The trial court issued its sentencing entry on February 13, 2012.

{¶3} More than a year later, Grady filed a motion for leave to file a delayed appeal. This Court issued an order granting the motion on July 24, 2013. On appeal, Grady raises two assignments of error. We address the second assignment of error first, as it is dispositive of the appeal.

II.

## ASSIGNMENT OF ERROR II

DUE PROCESS WAS DENIED BY THE STATE'S MATERIAL BREACH OF THE PLEA BARGAIN.

{¶4} In his second assignment of error, Grady argues that the State materially breached the plea agreement. This Court agrees.

{¶5} The Supreme Court of Ohio has held that the "[p]rinciples of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 50. "[When] a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, ¶ 8, quoting *Santobello v. New York* 404 U.S. 257, 262 (1971). "Ordinarily, the result of the breach of the plea-bargain agreement is a matter lying within the sound discretion of the trial court and may be either rescission or specific performance." *Jimenez* at ¶ 11, quoting *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist.1982). "Depending on the circumstances, the court may either allow the defendant to withdraw his plea or require the State to fulfill its end of the bargain." *Id*.

{¶6} At the plea hearing on January 10, 2012, the assistant prosecutor stated on the record that an agreement had been reached where Grady would plead guilty to ten counts of breaking and entering in exchange for the dismissal of the remaining 30 counts in the indictment.

Significantly, Grady agreed to cooperate with several jurisdictions by riding along with law enforcement to the scenes of several unsolved break-ins and truthfully indicating whether or not he was involved in the commission of those offenses. The parties agreed that if Grady were to admit to any of those offenses, he would not be charged and the jurisdictions would merely close their cases. The State noted on the record that it would discuss the level of cooperation by Grady with each jurisdiction prior to sentencing and provide a report to the trial court in consideration of its sentencing decision. After accepting the pleas, the trial court informed Grady, "The extent to which you do cooperate and are helpful will have a positive impact on your sentence."

{¶7} Grady appeared before the trial court for a sentencing hearing on February 7, 2012. The assistant prosecutor who appeared at the plea colloquy did not appear at the sentencing hearing. Instead, a different prosecutor appeared who asked that Grady be sentenced to a total of nine years incarceration based on the number of victims involved and Grady's extensive criminal history. Contrary to the plea agreement, the State did not report on Grady's level of cooperation with authorities. Defense counsel brought this to the trial court's attention, and noted that Grady was under the impression that his cooperation with law enforcement would have a positive impact on his sentence. Defense counsel also noted that it was his understanding that Grady had cooperated with all of the jurisdictions, and that he hoped the trial court would take that into consideration. Defense counsel indicated that he was making this statement because the assistant prosecutor who had handled the plea negotiations and appeared at the plea colloquy was not present at the sentencing hearing.

{¶8} The trial court stated that it was apparent from Grady's criminal history that sending him to prison would not deter him from committing future crimes, noting on the record there was "no reason whatsoever to believe that if you served a short prison term you wouldn't

come back out and re-offend." While the trial court initially indicated that Grady's cooperation with law enforcement would have a positive impact on his sentence, the trial court discounted that issue at sentencing by noting that Grady only cooperated after he got caught. The trial court proceeded to impose a maximum one-year prison sentence for each count of breaking and entering, with each sentence running consecutively to each other for a total prison term of ten years.

{¶9}  Under these circumstances, this matter must be reversed in light of the State's breach of the plea agreement. Grady pleaded guilty to ten counts of breaking and entering after receiving assurances from both the State and the trial court that his cooperation with law enforcement would have a favorable impact on his sentence. The State failed to report on his level of cooperation at sentencing as mandated by the plea agreement, and requested a nine-year term of incarceration. Defense counsel brought the apparent breach of the plea agreement to the attention of the trial court at the sentencing hearing, yet the trial court proceeded to run Grady's sentences consecutively for a combined prison term of ten years. In light of the State's failure to abide by the terms of the plea agreement, this matter must be remanded for the trial court to exercise its discretion in fashioning an appropriate remedy for the State's breach of the plea agreement. *See Jimenez* at ¶ 8-11.

{¶10}  The second assignment of error is sustained.

<u>**ASSIGNMENT OF ERROR I**</u>

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO CONSIDER IF MULTIPLE COUNTS OF BREAKING AND ENTERING MERGED AS ALLIED OFFENSES.

{¶11}  In his first assignment of error, Grady argues that the trial court committed plain error when it failed to analyze whether his convictions for breaking and entering were allied

offenses of similar import. As our resolution of the second assignment of error is dispositive of this appeal, this Court declines to address the State's first assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

## III.

**{¶12}** Grady's second assignment of error is sustained. This Court declines to address his first assignment of error as it is moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.