[Cite as *State v. Grady*, 2017-Ohio-7849.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     27626 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL GRADY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 11 09 2460 (A) |

## DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

CARR, Judge.

{¶1}    Appellant, Michael Grady, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    After a wave of break-ins that occurred in 2011, the Summit County Grand Jury indicted Grady on 40 criminal offenses.  After pleading not guilty to the charges at arraignment, Grady eventually reached a plea agreement with the State and pleaded guilty to ten counts of breaking and entering.   The trial court imposed a one-year term of incarceration on each count and ordered the sentences to run consecutively for a combined prison term of ten years.  In 2013, Grady successfully moved this Court for leave to file a delayed appeal.  This Court reversed Grady's sentence on the basis that the State breached the terms of the plea agreement when it failed to inform the trial court at sentencing that Grady had cooperated with investigations into other break-ins in the area.  *State v. Grady*, 9th Dist. Summit No. 26979, 2014-Ohio-3475.

{¶3}   On remand, the trial court held a status conference on December 2, 2014.  Grady waived the opportunity to withdraw his former guilty pleas entered on January 10, 2012.  The matter proceeded to resentencing where the trial court sentenced Grady to nine months in prison for each offense and ordered those sentences to run consecutively.  The trial court issued its sentencing entry on December 15, 2014.  Grady filed a timely notice of appeal.  While Grady filed a praecipe for the court reporter to prepare a transcript of the resentencing hearing, he subsequently filed a motion for preparation of a complete transcript at the State's expense.  The trial court denied the motion.  On March 30, 2015, this Court issued a journal entry dismissing Grady's appeal pursuant to App.R. 18(C) due to the fact that he failed to file an appellate brief.

{¶4}   Almost two years later, Grady filed a motion to reopen his appeal based upon a conditional writ of habeas corpus granted by the United States District Court for the Northern District of Ohio Eastern Division.  This Court issued a journal entry granting the motion and appointing appellate counsel on February 28, 2017.  This Court further specified that "the January 8, 2015, notice of filing the record is stricken.  The record will now be due 40 days from journalization of this order."  *State v. Grady*, 9th Dist. Summit No. 27626 (Feb. 28, 2017).  When appellate counsel subsequently withdrew, this Court issued a journal entry on March 22, 2017, wherein we appointed new counsel and specified that the record would be due 40 days from the journalization of the order.

{¶5}   On appeal, Grady raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S CONSECUTIVE SENTENCES DO NOT CONFORM WITH OHIO SENTENCING STATUTE [R.C.] 2929.11(A) AND CONTRAVENE ITS INTENDED PURPOSE.

{¶6} In his sole assignment of error, Grady argues that the trial court erred by imposing consecutive sentences in this case. While Grady concedes that the trial court "did apply all the requisite language pursuant to []R.C. 2929.14(C)(4) in its journal entry[,]" he contends that the trial court's decision to impose consecutive sentences does not comport with the purposes of felony sentencing. We disagree.

{¶7} This Court cannot reach the merits of Grady's assignment of error. Under circumstances such as this where the appellant has not provided a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). While the appellate record contains a copy of the transcript from the plea colloquy as well as a transcript from the original sentencing hearing, Grady has failed to provide this Court with a transcript from the resentencing hearing. Grady has further not provided this Court with the presentence investigation report in this case. Under these circumstances, where Grady argues that his sentence does not comport with the purposes of felony sentencing, this Court must presume regularity in the trial court's proceedings and affirm. *See State v. Galloway*, 9th Dist. Summit No. 19752, 2001 WL 81257, *6 (2001).

{¶8} Grady's assignment of error is overruled.

III.

{¶9} Grady's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ELI R. HELLER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.