[Cite as *State v. Ellison*, 2022-Ohio-4518.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111737 |
| v. | : | |
| TIANT ELLISON, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664678-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Christine Vacha, Assistant Prosecuting
Attorney, *for appellee.*

McDonald Humphrey, LLP, Eric L. Foster, Jonathan M.
McDonald, and Clarissa Smith, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Tiant Ellison, Jr. ("Ellison") appeals the trial court's journal entry sentencing him to 12 to 17 years in prison raising two assignments of error. Pursuant

to Loc.App.R. 16(B), the state concedes both of Ellison's assignments of error. The state concedes Ellison's assignments of error. After reviewing the facts of the case and pertinent law, we vacate Ellison's conviction for the sexual motivation specification attached to the abduction charge, affirm the remainder of his convictions, vacate Ellison's sentence, and remand this case for proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶ 2}    On November 3, 2021, Ellison was charged with one count each of rape in violation of R.C. 2905.02(A)(1)(b), with a furthermore clause that the victim was 12 years old at the time of the offense; gross sexual imposition in violation of R.C. 2907.05(A)(4); and kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification under R.C. 2941.147(A). As indicted, Ellison was exposed to a sentence of life in prison under the rape charge and under the sexual motivation specification attached to the kidnapping charge.

{¶ 3}    On April 4, 2022, the court held a plea hearing, at which a plea bargain was read into the record. According to this plea bargain, if Ellison pled guilty, the indictment would be amended to one count of rape in violation of R.C. 2907.02(A)(2) and one count of abduction in violation of R.C. 2905.02(A)(2). The gross sexual imposition charge would not be amended. The state also agreed to delete the furthermore clause attached to the rape and the sexual motivation specification attached to the kidnapping. The state made it clear at this hearing that,

by amending the indictment, it would be "taking off all of the life tails from the kidnapping, which is now an abduction, and * * * the rape * * *."

{¶ 4} Prior to accepting Ellison's plea, the court stated on the record as follows: "Now, you should know that when people plead guilty and accept responsibility in my courtroom, I typically do not give a person a consecutive sentence, meaning that I would not give you a consecutive sentence, Count 1, Count 2, and Count 3. Really, the Court's consideration would be between the 3 to 11 years in the penitentiary." The court also explained that the rape count was subject to the Reagan Tokes Law, which means that it is punishable by a minimum sentence of 3 to 11 years in prison and a maximum sentence that "will have a tail [that] is half of whatever sentence I give you."

{¶ 5} Ellison then pled guilty to rape in violation of R.C. 2907.02(A)(2), gross sexual imposition in violation of R.C. 2907.05(A)(4), and abduction in violation of R.C. 2905.02(A)(2). The court issued a journal entry that same day stating that Ellison pled guilty to rape, gross sexual imposition, and abduction with the sexual motivation specification under R.C. 2941.147. This is not an accurate reflection of what occurred in open court.

{¶ 6} On June 21, 2022, the court sentenced Ellison to 10 to 15 years in prison for the rape, one year in prison for the gross sexual imposition, and one year in prison for the abduction. The court imposed these sentences consecutively, for an aggregate prison term of 12 to 17 years. It is from this order that Ellison appeals, raising two assignments of error for our review:

I.      The trial court breached its plea agreement with Tiant Ellison.

II.     The trial court failed to make the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences.

{¶ 7} Ellison requests that we vacate his sentence and remand his case for a new sentencing hearing. The state concedes both assignments of error pursuant to Loc.App.R. 16(B) and agrees that, because Ellison "should not have received a consecutive sentence * * *, the case should be remanded for resentencing."

## II. Nunc Pro Tunc

{¶ 8} Prior to reaching the merits of Ellison's assignments of error, we sua sponte review the discrepancy in the record regarding the sexual motivation specification attached to the abduction charge. As part of the plea bargain, the state agreed on the record at the plea hearing to delete the sexual motivation specification. As a result, Ellison did not plead guilty to this specification when he pled guilty to abduction. However, the journal entry memorializing Ellison's plea states that he pled guilty to "abduction 2905.02(A)(2) F3 with sexual motivation specification(s) 2941.147 as amended in Count(s) 3 of the indictment."

{¶ 9} The Ohio Supreme Court has held that "a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30. *See also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.").

{¶ 10} Accordingly, we vacate the portion of the April 4, 2022 journal entry that states Ellison pled guilty to a sexual motivation specification in violation of R.C. 2941.147 and order the trial court to issue a new journal entry reflecting what actually occurred at the plea hearing.

## III. Resentencing

{¶ 11} "Generally, when a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary." *State v. Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 22. However, the United States Supreme Court has held that when a plea agreement is breached, the court has the discretion "to decide whether the circumstances of [the] case require only that there be specific performance of the agreement on the plea, * * * or whether * * * the circumstances require * * * the opportunity to withdraw [the] plea of guilty." *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 12} Ohio courts have applied *Santobello* and recognized the trial court's discretion to fashion a remedy:

> Ordinarily, the result of the breach of the plea-bargain agreement is a matter lying within the sound discretion of the trial court and may be either rescission or specific performance; that is, either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain, depending upon the circumstances and lying within the sound discretion of the trial court.

*State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982), citing *Santobello*. *See also State v. Grady*, 9th Dist. Summit No. 26979, 2014-Ohio-3475,

¶ 9 ("this matter must be remanded for the trial court to exercise its discretion in fashioning an appropriate remedy for the State's breach of the plea agreement").

{¶ 13} Upon review, we find that the trial court told Ellison that, if he pled guilty, it would not impose consecutive sentences. This promise was an inducement to enter a plea pursuant to *Blackburn*. Nevertheless, the court imposed consecutive sentences. Although this is not a case in which the state breached the plea agreement, we find that *Santobello* applies.

{¶ 14} Ellison's first assignment of error is sustained. Pursuant to App.R. 12(A)(1)(c), Ellison's second assignment of error is moot.

{¶ 15} Ellison's conviction for the sexual motivation specification attached to the abduction charge is vacated. The remainder of his convictions are affirmed. Ellison's sentence is vacated, and this case is remanded for further proceedings consistent with this opinion.

{¶ 16} Judgment affirmed in part, vacated in part, and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR